

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| DONNA JONES NOELLER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:06-CV-350-TH |
| | § | JURY |
| AMERICAN MEDIA, INC. d/b/a Globe, and | § | |
| ALAN SMITH | § | |
| *Defendants.* | § | |

# ORDER DISMISSING CASE WITH PREJUDICE

On July 23, 2007, this Court ordered that Plaintiff show cause, in writing, by August 9, 2007, as to why this action should not be dismissed for want of prosecution. *See Order* [Clerk's Docket No. 51]. After considering Plaintiff's failure to respond to this order, as well as the record showing a failure to prosecute this case extending over six (6) months, the Court is of the opinion that this action should be **DISMISSED WITH PREJUDICE** for want of prosecution.

## FACTUAL BACKGROUND

This lawsuit is a defamation action arising from an article published by Defendants that included statements purportedly made by Plaintiff regarding the death of her daughter and the actor Charlie Sheen. Plaintiff maintains that she never made the statements attributed to her in the article, and has sued Defendants alleging statutory libel, libel per se, slander, slander per se, slander per quod, and invasion of privacy through both intrusion on seclusion and public disclosure of private facts. Plaintiff also claims that Defendants' actions caused her to suffer emotional distress, mental anguish, public humiliation, anxiety and embarrassment. Plaintiff seeks injunctive relief in the form of a retraction, as well as exemplary and pecuniary damages.

However, for almost six (6) months, Plaintiff has failed to prosecute her case in all respects. Beginning in February, 2007, Plaintiff has been responsible for her own representation in this matter. Since that time, Plaintiff has failed to respond to Defendants' motions and discovery requests. Plaintiff also failed to appear as ordered by this Court at a Hearing and Status Conference held before the Honorable Keith F. Giblin on July 20, 2007, and did not notify the Court in advance thereof that she would not attend. *See Order* [Docs. Nos. 45, 46, & 47]. As a result, on July 23, 2007, this Court ordered that Plaintiff show cause, in writing, by

August 9, 2007, as to why this action should not be dismissed for her failure to prosecute this case. *See Order* [Clerk's Docket No. 51]. This Court cautioned Plaintiff that her failure to comply with the order might result in the Court dismissing this civil action. Nevertheless, Plaintiff failed to comply. To date, Plaintiff has not contacted the Court, in writing or otherwise. Though this Court takes a lenient position regarding *pro se* litigants and the difficulties they face in navigating the federal rules, '[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

## **LEGAL BACKGROUND**

Courts have the authority to involuntarily dismiss actions with prejudice based upon both the FEDERAL RULES OF CIVIL PROCEDURE and their inherent power to manage their dockets.

Under FED. R. CIV. P. 41(b), a court may, either *sua sponte* or upon motion by the defendant, dismiss an action with prejudice for plaintiff's failure to prosecute, comply with the rules of procedure or obey court orders. Such a dismissal is appropriate where: (1) the failure to prosecute or comply with the rules or orders was the result of purposeful delay or contumacious conduct; and (2) the record reflects that the district court employed lesser sanctions before dismissing the action or the district court expressly determined that lesser sanctions would not prompt diligent prosecution. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *see also Berry v. Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992). Prior to dismissing an action under Rule 41(b), courts should also consider the following so-called "aggravating factors:" (1) whether the dilatory conduct is attributable to the plaintiff himself, as opposed to his attorney; (2) whether the defendant will suffer actual prejudice; and (3) whether the conduct was intentional. *See Berry*, 975 F.2d at 1191.

Apart from Rule 41(b), federal courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L. Ed.2d 734 (1962). This authority is necessarily incident to the judicial power granted under Article III of the Constitution and includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders or rules. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995).

Involuntary dismissal of a case is entrusted to the discretion of the trial court and will only be reversed for abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed.2d 488 (1991).

## FINDINGS

The Court **FINDS** that plaintiff has not been diligent in prosecuting her case.

The Court **FINDS** that plaintiff failed to comply with the rules regarding participation in a management conference.

The Court **FINDS** that plaintiff disobeyed the court's orders setting this case for management conference and directing plaintiff to show cause for her failure to appear at the management conference.

The Court **FINDS** that plaintiff's failure to maintain this action and comply with the rules and orders of this Court was purposeful, contumacious, intentional and caused by the plaintiff herself.

The Court **FINDS** that dismissal of plaintiff's case is the only effective sanction available given plaintiff's failure to comply with the lesser sanction of conditional dismissal imposed by order dated July 23, 2007 [Clerk's Docket No. 51].

The Court **FINDS** that dismissal of plaintiff's case serves the public interest in the expeditious resolution of litigation.

## ORDER

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 41(b) and this Court's inherent authority under Article III of the United States Constitution to manage its docket.

**IT IS FURTHER ORDER** that all pending motions in this civil action are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the clerk is **DIRECTED** to close this file.

**SO ORDERED**.

**SIGNED** this the **21** day of **August, 2007.**

_____
Thad Heartfield
United States District Judge